**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30406
Summary Calendar

KATHERINE TOUSANT,

Plaintiff-Appellant,

VERSUS

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-2283)

December 23, 1998

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Tousant seeks a new trial in her personal injury lawsuit against appellee Wal-Mart based on alleged errors in the jury instructions given in the jury charge. Specifically, Tousant challenges the court's jury instruction that states: "The customer assumes all normally observable ordinary risks that are entailed in the use of a merchant's premises. A merchant is not liable in

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

negligence for an injury to a customer resulting from a dangerous condition which is observable, or which should have been observable in the exercise of reasonable care, or from a danger which the customer should have reasonably appreciated before exposing herself to it." *See Court's Instructions to the Jury* at 7.

Because we are an Erie-bound federal court reviewing this matter of Louisiana substantive law, we must look to the Louisiana Supreme Court on this issue. *See Erie R. Co. v. Thompkins*, 304 U.S. 64, 78-80 (1938). The most recent case cited by Tousant in which this issue is addressed is *Pitre v. Louisiana Tech Univ.*, 673 So.2d 585 (La. 1996). In *Pitre*, the Louisiana Supreme Court upheld the "obvious danger rule," under which the obviousness and apparentness of a potentially dangerous condition are relevant factors to be considered in the duty-risk analysis. However, according to Tousant, the court in this case should have limited its language on the obvious danger rule as only "a relevant factor to be considered." *Pitre*, 673 So.2d at 591. Otherwise, Tousant argues, the district court will have back-doored the "assumption of risk" defense back into Louisiana tort law. *See generally Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1125 (La. 1988) (holding that the common law doctrine of assumption of risk no longer had a place in Louisiana tort law). While we agree that the district court in this case may not have used the precise language proffered by the *Pitre* Court, we hold that any error by the court in this case was, at best, harmless error.

In reviewing alleged errors in the charge, we have held:

On appeal, the charge must be considered as a whole, and so long as the jury is not mislead,

prejudiced, or confused, and the charge is comprehensive and fundamentally accurate, it will be deemed adequate and not reversible error. We review jury instructions with deference and will only reverse judgment when the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations. In instructing the jury, district judges may select their own words and . . . charge in their own styles. No harmful error is committed if the charge viewed as a whole correctly instructs the jury on the law, even though a portion is technically imperfect.

*Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corp.*, 986 F.2d 1463, 1474 (5th Cir. 1993) (citations and quotations omitted). We are confronted by precisely such an instance in this appeal. The district court correctly laid out the obvious danger rule as a factor to be considered by the jury, even though it did not use the precise "factor to be considered" language from *Pitre*. The objectionable instruction is contained in only one paragraph in a much larger list of factors to consider, and does not constitute an absolute bar to a plaintiff's recovery. Additionally, the district judge plainly instructed the jury that they are "not to single out one instruction alone as stating the law, but must consider the instructions as a whole." *See Court's Instructions to the Jury* at 1. When we view the charge as a whole, we are satisfied that it correctly instructs the jury on the law. We are not persuaded that this charge has reintroduced "assumption of risk" back into Louisiana tort law. Although the charge may be technically imperfect, when viewed as a whole, the error was clearly harmless. *See Concise Oil*, 986 F.2d at 1474. Accordingly, because Tousant has failed to present reversible error, the judgment of the district court is AFFIRMED.

3